# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AASIA NEWSOME, | Case No. 1:20-cv-01189-JLT-BAK |
| Plaintiff, | ORDER GRANTING MOTION TO REMAND |
| v. | (Doc. 5) |
| FCA USA LLC, 1-10, inclusive, | |
| Defendants. | |

On September 18, 2020, Plaintiff Assia Newsome ("Plaintiff") moved the Court to remand the action to state court for lack of subject matter jurisdiction. (Doc. 5.) Plaintiff filed a separate objection to certain evidence submitted by Defendant FCA USA LLC ("FCA" or "Defendant") with its Notice of Removal. (Doc. 5-3.) On October 27, 2020, Defendant filed its brief in opposition to Plaintiff's Motion to Remand. (Doc. 7.) Plaintiff filed her reply on November 3, 2020. (Doc. 9.) For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Remand.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2020, Plaintiff filed her original complaint in the Superior Court of California, in Kern County, and alleges that Defendant violated various state laws, arising under California's Song-Beverley Act (the so-called "Lemon Law"), Cal. Civ. Code §§ 1793.2, 1791.2, 1791.1, 1794, along with related state-law unfair competition claims, Cal. Civ. Code § 17200. (Doc. 1-1.)

Plaintiff's claims concern the purchase her 2019 Jeep Cherokee from Defendant which allegedly contains defects that violate California's Lemon Law and breach of express and implied warranties. (*Id.*) Plaintiff states she "suffered damages in a sum to be proven at trial but not less than $25,000.00." (*Id.* at 7.) The prayer for relief includes judgment for: (1) actual damages; (2) restitution; (3) civil penalty in the amount of two times the actual damages; (4) consequential and incidental damages; (5) costs and attorneys' fees; (6) prejudgment interest; (7) other relief the Court deems proper. (*Id.* at 11.)

On August 20, 2020, Defendant filed a Notice of Removal to the Eastern District of California claiming diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) Defendant is a limited liability company, and none of its members are residents of California. (*Id.* at ¶ 28.) The Parties dispute Plaintiff's residency. (*Id.* at ¶ 27; Doc. 5 at 16-17.) Defendant calculates actual damages based on Plaintiff's statement in the complaint that damages are "not less than $25,000.00" and notes that the purchase price of Plaintiff's 2019 Jeep Cherokee is unavailable (Doc. 1 at ¶ 17.) Together with the civil penalties and attorneys' fees, Defendant maintains the amount in controversy exceeds $75,000. (*Id.* at ¶¶ 21-22.)

On September 18, 2020, Plaintiff filed a Motion to Remand, contending Defendant had not met its burden to show complete diversity or that the amount in controversy exceeds $75,000 (Doc. 5.)

## II.   DIVERSITY JURISDICTION

Plaintiff's claims arise under California state law, and Defendant removed to federal court under 28 U.S.C. § 1441, alleging that subject matter jurisdiction exists under 28 U.S.C. § 1332. To satisfy the requirements of diversity jurisdiction under § 1332, the party asserting federal jurisdiction exists must show complete diversity among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity means that the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

When the plaintiff's complaint does not state the amount in controversy, the defendant

bears the burden to establish the amount in controversy at removal. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The removing party's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 554 (2014). If the plaintiff does not contest the amount, the defendant's asserted amount should be accepted. *Id.* at 553. If, however, the plaintiff challenges the defendant's assertion, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. This proof can include affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The defendant may also rely on "reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198. The party seeking to invoke the jurisdiction of the court bears the burden of supporting its jurisdictional allegations with competent proof. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**III.   DISCUSSION**

Plaintiff contends that Defendant has not met its burden of proof to establish subject matter jurisdiction exists in this case. Specifically, Plaintiff argues that Defendant improperly relies on statements in the complaint, which do not sufficiently support its claims that the amount in controversy exceeds $75,000. Plaintiff also argues that Defendant's evidence of Plaintiff's citizenship is not admissible because it lacks foundation, authentication, and constitutes hearsay under the Federal Rules of Evidence. Defendant responds that the statements in the complaint alone establish that the amount in controversy exceeds $75,000, and that it makes reasonable assumptions as to the Plaintiff's California citizenship.

**A.   Amount in Controversy**

Defendant contends the amount in controversy is met because Plaintiff's complaint alleges that she "suffered damages in a sum to be proven at trial but not less than $25,000." (Doc. 7 at 2.) Defendant asserts that this general $25,000 damages allegation should be interpreted as an

allegation of *actual* damages, in other words, the restitution value of the vehicle. (*Id.*) Because Plaintiff also seeks civil penalties up to two times the actual damages, Defendant asserts that the combination of actual damages and civil penalties meets the jurisdictional amount ($25,000 + (2 X $25,000) = $75,000). (*Id.* at 5-6.) Defendant also points to Plaintiff's request for attorneys' fees to meet the amount-in-controversy threshold. (*Id.*)

Plaintiff argues that Defendant cannot rely on the $25,000 allegation in the complaint alone to satisfy its burden because doing so fails to account for "net compensatory damages." (Doc. 5-1 at 9.) As is explained in greater detail below, the Song-Beverly Act offsets the amount of compensatory damages according to the plaintiffs' use of the vehicle based on mileage. (*Id.* at 9-10.) Plaintiff argues that civil penalties and attorneys' fees are too speculative to be included in the amount in controversy determination. (*Id.* at 12-13.) Finally, Plaintiff contends that the principles of comity favor remand. (*Id.* at 17.)

    1.    <u>Actual Damages</u>

Plaintiff did not expressly allege the amount of actual damages sought in her complaint. Defendant relies on Plaintiff's generic allegation that it "suffered damages in a sum to be proven at trial but not less than $25,000" as its only evidence of the actual damages amount. (Doc. 1-1 at 7; Doc. 7 at 5-6.) Plaintiff maintains that this allegation alone does not evince the actual damages suffered in this case because Defendant failed to account for the statutory offset provided under the Song-Beverly Act. (Doc. 5-1 at 9-10.) Defendant contends Plaintiff's assertion of the statutory offset to lessen the amount in controversy is "disingenuous" because Plaintiff included the statement "no less than $25,000" to satisfy the unlimited civil case threshold in California state court and cannot now assert the statutory offset for purposes of rebutting a jurisdictional amount-in-controversy claim. (Doc. 7 at 5-6.)

California district courts are split on whether a defendant can rely on generic damages allegations to establish actual damages. For example, the Central District of California has held where the plaintiff lists the damages separately from the penalties in the complaint, the court can assume that sums referred to as "damages" mean *actual* damages. *Frank v. FCA US LLC*, No. CV 20-2699-GW-RAO, 2020 WL 3487640, at **3-4 (C.D. Cal. June 15, 2020); *see also Coronel v.*

4

*Ford Motor Co.*, No. CV 19-09841-DSF-JEM, 2020 WL 550690, at *6 (C.D. Cal. Feb. 4, 2020) (finding amount in controversy met where the complaint stated plaintiff suffered damages "not less than $25,001.00" and sought civil penalties and punitive damages). Other courts require additional evidence to equate generic assertions of damages to "actual" damages. *Mullin v. FCA*, No. CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) (finding defendant's reliance on the complaint's statement that plaintiff "suffered damages . . . not less than $25,001.00" did not satisfy defendant's burden to show actual damages); *see also Cox v. Kia Motors Am., Inc.*, No. 20-cv-02380-BLF, 2020 WL 5814518, at **3-4 (N.D. Cal. Sept. 30, 2020) (finding amount in controversy not shown by preponderance of the evidence where defendant submitted the sale contract containing the vehicle purchase but did not account for the statutory offset and therefore, "failed to establish either the amount of actual damages or the maximum recoverable civil penalties, calculated as twice actual damages.").

Faced with a similar set of arguments and facts, this District likewise has looked to additional evidence, rather the complaint alone, to determine the amount in controversy. *Quinonez v. FCA US LLC*, No. 2:19-CV-2032-KJM, 2020 WL 3397565, at **2-3 (E.D. Cal. June 19, 2020). In *Quinonez*, the plaintiff listed actual damages among the other forms of relief and separately stated the amount in controversy exceeds $25,000. *Id.* Defendant argued the complaint's separate list of damages indicated that the $25,000 did not encompass all types of damages but rather only actual damages. *Id.* Plaintiff argued the opposite. *Id.* The court looked to the purchase agreement of the vehicle, showing its sales price of $31,500, to guide the interpretation of the damages sum stated in the complaint. *Id.* Given the closeness between the sales price ($31,500) and the stated sum ($25,000), particularly in light of a potential statutory offset, the sale price indicated that the stated sum in the complaint corresponded to actual damages. *Id.*

Because courts should "strictly construe the removal statute against removal jurisdiction," *Gaus*, 980 F.2d at 566, and because defendants bear the burden on removal to satisfy the jurisdictional requirements, the Court finds the Defendant's reliance on the statement in the complaint alone does not sufficiently establish that the $25,000 encompasses only actual

5

damages. Although Defendant's interpretation of the complaint is plausible, it is equally plausible that Plaintiff's statement of "no less than $25,000" is inclusive of actual damages, civil penalties, attorneys' fees, or other types of relief sought. *See Sood v. FCA US, LLC*, No. CV 21-4287-RSWL-SK, 2021 WL 4786451, at *3 (C.D. Cal. Oct. 14, 2021) ("Plaintiffs may very well have included the $25,001 figure only to clarify that the total amount in controversy qualifies the case as unlimited in California courts, and not to establish a minimum amount of actual damages to be recovered."); *see also Schneider v. Ford Motor* Co., 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) (emphasis in original) ("[T]he Court could just as easily infer that the $25,001 refers to Plaintiff's *total* damages. This lack of clarity forecloses Defendants' argument that the $25,001 'more likely than not' satisfies the federal jurisdictional amount."). Without any context, such as the purchase agreement or sales price of the vehicle, from which to estimate actual damages, Defendant must assume the statement in the complaint regarding $25,000 in damages only applies to actual and not total damages. *See Edwards v. Ford Motor Co.*, No. No. CV 16-05852 BRO (PLAx), 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) (emphasis in original) ("Plaintiff's allegations . . . [do] not make clear whether he is seeking more than $25,000 in *actual* damages, or *total* damages . . . [thus] Defendant's assertion that these damages refer only to actual damages is only an assumption.").

The Defendant may rely on reasonable assumptions to show the jurisdictional amount, but it has not provided the Court with sufficient information to assess the reasonableness of its assumption that the $25,000 correlates to actual damages. Under the Song-Beverly Act, actual damages are determined based on the price paid by the plaintiff, less the cost of plaintiff's use of the vehicle. Cal. Civ. Code § 1793.2 (d)(2)(B)-(C).[1] A plaintiff may recover "restitution in an amount equal to the actual price paid or payable by the buyer," and the restitution amount "may be reduced by the manufacturer by the amount directly attributable to use by the buyer prior to the

---

[1] Generally, courts do not reduce the amount in controversy by affirmative defenses, counterclaims, and potential offsets. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (holding "fact that the complaint discloses the existence of a valid defense to the claim" cannot be grounds for showing failure to surmount amount-in-controversy threshold). However, with respect to the amount attributable to the buyer's use of the vehicle under California Civil Code § 1793.2(d)(2)(C), the Ninth Circuit has held that this "use offset" should be included in determining the jurisdictional amount. *Schneider v. Ford Motor Co.*, 756 Fed. Appx. 699, 701 (9th Cir. 2018).

6

1    time the buyer first delivered the vehicle to the manufacturer or distributor." *Id.* The manufacturer

2    determines the use offset by multiplying the vehicle price paid by the buyer by a fraction, where

3    the numerator equals the number of miles the buyer drove the car between purchase and the first

4    relevant repair, and the denominator is 120,000. Cal. Civ. Code § 1793.2(d)(2)(C).

5         In analogous cases, defendants regularly submit the purchase agreement as part of the

6    notice of removal or in its opposition papers to a motion to remand, if the plaintiff has not

7    previously supplied it. *See e.g.*, *Durham v. FCA US LLC*, No. 2:17-cv-00596-DAD-JLT, 2017

8    WL 3725937, at *4 (E.D. Cal. Aug. 30, 2017); *Salinas v. FCA US LLC*, No. 1:17-cv-00419-

9    DAD-JLT, 2017 WL 3725929, at *4 (E.D. Cal. Aug. 30, 2017); *McGill v. FCA US LLC*, No.

10   2:21-cv00093-MCE-JDP, 2021 WL 5883037, at **4-5 (E.D. Cal. Dec. 13, 2021). In this case,

11   however, Defendant did not provide any evidence of or otherwise make an allegation as to the

12   purchase price of the vehicle. Defendant gave no explanation for its failure to supply the Court

13   with this evidence but simply relies on statements in the complaint as its proof of actual damages.

14        Even if the Court were to assume that the $25,000 stated in the complaint corresponds to

15   the purchase price of the vehicle, there is no indication in the record or estimation in the briefing

16   as to the appropriate use offset. *See McDermott v. FCA US LLC*, No. EDCV 21-1734 JGB (KKx),

17   2022 WL 159696, at *3 (C.D. Cal. Jan. 18, 2022) (finding insufficient evidence of the amount in

18   controversy where the parties submitted the original purchase agreement containing the sale price

19   but gave no estimate of the mileage offset). Defendant submitted a repair order with its notice of

20   removal, which contains the mileage of the vehicle as of July 8, 2020. (Doc. 1-1 at 21-23).

21   Defendant relies on this document solely as evidence of the Plaintiff's citizenship but does not

22   indicate whether the document qualifies as the first authorized service repair as required by the

23   Song-Beverly Act needed to calculate the use offset. Cal. Civ. Code § 1793.2(d)(2)(C).

24        Rather than provide evidence to make the appropriate damages calculation under the

25   Song-Beverly Act, Defendant's arguments focus on the interpretation of Plaintiff's statement of

26   damages in the complaint and point to the decision in *Brady v. Mercedes-Benz USA, Inc.* to

27   support its contention. 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). (Doc. 7 at 5.) The facts

28   presented in *Brady* readily differ from those here because the defendant in *Brady* submitted

evidence to show the original lease terms, price of the vehicle, and an estimation of the mileage offset. Without the original purchase price of the vehicle to give at least some guidance or context to the $25,000, the Court finds the Defendant has not met its burden to show actual damages are $25,000 or otherwise exceed $75,000.

### 2. Civil Penalties

In addition to actual damages, Defendant points to Plaintiff's claim for civil penalties as a basis for satisfying the amount in controversy requirement. (Doc. 7 at 6.) Plaintiff argues Defendant cannot rely on an award of civil penalties because Defendant will likely assert affirmative defenses to rebut Plaintiff's claim for a civil penalty. (Doc. 5-1 at 11.) Plaintiff also contends the court should view punitive damages claims with skepticism for the purposes of meeting the jurisdictional minimum. (*Id.*) In Plaintiff's view, the civil penalties are too speculative to be included in the Court's analysis.

Generally, civil penalties under the Song-Beverly Act are properly included in determining the amount in controversy. *Mullin*, 2020 WL 2509081, *4 (citing *Brady*, 243 F. Supp. 2d at 1009 ("The amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law."). The Song-Beverly Act does not provide for punitive damages, but "[c]ourts have held that the civil penalty under [Song-Beverly] is akin to punitive damages, because both have the dual effect of punishment and deterrence for defendants." *Id.* (citations omitted). Moreover, "courts have held in other contexts that treble damages authorized by state law may be included in determining the amount in controversy" and Song-Beverly "in effect authorizes treble damages." *Id.* (citations omitted).

The Song-Beverly Act allows for civil penalties up to two times the amount of actual damages suffered by Plaintiff. *Mullin*, 2020 WL 2509081, *4 (*citing Brady*, 243 F. Supp. 2d at 1009). "If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain." *Chavez v. FCA US LLC*, No. CV 19-06003-ODW-GJSX, 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020) (*citing Edwards*, 2016 WL 6583585, at *4). Accordingly, because Defendant did not establish the amount of actual damages by a preponderance of the evidence, the amount of civil penalties is equally uncertain. Defendant, therefore, failed to satisfy

8

its burden of proof required to include civil penalties in the jurisdictional amount.

        3.        <u>Attorneys' Fees</u>

Defendant relies on Plaintiff's claim for attorneys' fees to satisfy the jurisdictional minimum. (Doc. 7 at 5.) The Ninth Circuit held that future attorneys' fees awards may be included in determining the amount in controversy under fee-shifting statutes. *Fritsch v. Swift Transp. Co. of Ariz.*, LLC, 899 F.3d 785, 795 (9th Cir. 2018); *see also Martinez v. Ford Motor Co.*, No. 1:18-cv-01607-LJO-JLT, 2019 WL 1988398, at *7 (E.D. Cal. May 6, 2019) ("Attorneys' fees are available to Plaintiffs here under California Civil Code Section 1794(d)."). District courts may exclude future fees if they are too speculative or if the defendant fails to show with a "reasonable probability that the amount in controversy exceeds the minimum." *Fritsch*, 899 F.3d at 795. "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

In Defendant's Opposition to the Motion to Remand, it argues that attorneys' fees "can be reasonably considered to be at least $35,000.00." (Doc. 7 at 5.) Defendant did not cite to evidence or support for this claim. In its Notice of Removal, it argues that attorneys' fees under the Song-Beverly Act regularly exceed $100,000, citing to the Declaration of Ms. Kiridjian for support but subsequently estimates fees to be at least $35,000. (Doc. 1 at ¶ 20-21.) Defendant did not explain the discrepancy between its two estimates for attorneys' fees.

Defendant has not met its burden of proof to include either of its estimates of attorneys' fees in the amount in controversy calculation. Defendant's only support comes from a single sentence in the declaration of Ms. Kiridjian which states: "The Song-Beverly Act allows for the recovery of attorney's fees, which regularly exceed $100,000." (Doc. 1-1 at 3.) A single declaration stating a lump sum of future of attorneys' fees does not estimate future fees with a reasonable probability. *See Schneider*, 441 F. Supp. 3d at 914 (finding a declaration stating that "claims for attorneys' fees in these cases regularly approach or exceed $50,000" and that a recent fee demand by Plaintiff's counsel exceeded $300,000 was not competent proof to include fees). Defendant's lump sum estimate does not delineate the amount of time major tasks will take or approximate the hourly billing rate. *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F.

9

Supp. 1196, 1200 (N.D. Cal. 1998) (finding that "[d]efendant's contention that attorney fees are likely to total at least $20,000 is too speculative" because defendant failed to estimate "the amount of time each major task will take" or vary the hourly billing rate for each task). The fee estimate also lacks the type of evidentiary support that typically allows for the inclusion of fees, such as fee petitions submitted in similar cases. *See Martinez*, 2019 WL 1988398 at *7 (including attorneys' fees in the amount in controversy where defendant submitted "five petitions for attorneys' fees filed in other similar cases by the same counsel who represent Plaintiffs here").[2]

**B.    Complete Diversity**

Because Defendant has failed to meet its burden to show that the amount in controversy exceeds jurisdictional minimum, the Court need not address the dispute regarding complete diversity. For the same reason, the Court will not address Plaintiff's related evidentiary objection (Doc. 5-3) to the Declaration of Mari Kiridjian (Doc. 1-1 at 3:6-7) and Exhibit D, Repair Order from Bakersfield Dodge, Inc. d.b.a. Haddad Doge (Doc. 1-1 at 21-22).

**ORDER**

For the reasons set forth above, the Court **ORDERS:**

1. Plaintiff's motion to remand (Doc. No. 5) under 28 U.S.C. § 1447(c) is **GRANTED**.
2. Plaintiff's objection to evidence under Federal Rules of Evidence 602, 802, 901, and 1006 is **DENIED AS MOOT**; and
3. The Clerk of Court is directed to remand this case to Kern County Superior Court.

IT IS SO ORDERED.

Dated:   **February 9, 2022**

UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff mentions in her Reply that she "would have a claim for attorneys' fees as a result of filing the motion to remand" in response to Defendant's argument that "Plaintiff's Request for Attorneys' Fees and Cost is Inappropriate and Must be Denied." (Doc. 9 at 9; Doc. 7 at 6-7.) The Court assumes that Plaintiff's mentioning of the availability of attorneys' fees is not a request for fees associated with this motion because Plaintiff has not provided support for such request. The Court, therefore, does not rule on this issue.